**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1011-23

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JASON A. DOTTS, III, a/k/a
JASON A. DOTTS, SR.,

    Defendant-Appellant.

_____

        Submitted March 5, 2025 – Decided May 6, 2025

        Before Judges Rose and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 17-03-0358.

        Jennifer N. Sellitti, Public Defender, attorney for appellant (Frank J. Pugliese, Designated Counsel, on the brief).

        Raymond S. Santiago, Monmouth County Prosecutor, attorney for respondent (Alecia Woodard, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Jason A. Dotts, III, appeals from the November 8, 2023 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant claimed his trial counsel rendered ineffective assistance. In a cogent written decision accompanying the order, Judge Michael A. Guadagno thoroughly analyzed the issues raised in view of the governing law.

On appeal, defendant abandons some of his claims and otherwise reprises the same arguments raised before the PCR court:

> POINT I
>
> DEFENDANT PRESENTED SUFFICIENT EVIDENCE TO ESTABLISH THAT HE WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AND THE COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR [PCR].
>
> A. Failure to Properly Cross-Examine Detective Robert Poss.
>
> B. Failure to Properly Cross-Examine the Victim, John Hessian.
>
> C. Failure to Properly Cross-Examine the State's Medical Expert.
>
> D. Failure to Properly Cross-Examine Co-Defendant Ramel Kirkpatrick.
>
> E. Failure to Properly Cross-Examine Det. Nicholas Romano.

2

POINT II

THE PCR COURT ERRED IN DENYING DEFENDANT AN EVIDENTIARY HEARING.

POINT III

THE CUMULATIVE EFFECT OF TRIAL COUNSEL'S ERRORS SERVED TO DENY DEFENDANT HIS RIGHT TO A FAIR TRIAL. ALTERNATIVELY, BECAUSE THE PCR COURT FAILED TO ADDRESS THIS COGNIZABLE ISSUE RAISED IN DEFENDANT'S PCR, THE MATTER MUST BE REMANDED FOR THE COURT TO CONDUCT AN ANALYSIS OF THE ERRORS' CUMULATIVE EFFECT UPON DEFENDANT'S RIGHT TO A FAIR TRIAL.

We have considered defendant's arguments in light of the applicable law and conclude they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2). We affirm substantially for the reasons set forth by Judge Guadagno in his well-reasoned written decision, adding the following brief remarks.

A defendant is entitled to an evidentiary hearing only when he "has presented a prima facie [case] in support of [PCR]," State v. Marshall, 148 N.J. 89, 158 (1997) (first alteration in original) (quoting State v. Preciose, 129 N.J. 451, 462 (1992)), meaning that a "defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." Ibid. For

A-1011-23

a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Here, defendant failed to demonstrate a reasonable likelihood that his PCR claim would ultimately succeed on the merits and failed to satisfy either prong of the Strickland/Fritz test. Because there was no prima facie showing of ineffective assistance of counsel, an evidentiary hearing was not necessary to resolve defendant's PCR claims. Preciose, 129 N.J. at 462.

Defendant also argues the PCR judge erred by failing to consider his claim of cumulative error. When a defendant alleges multiple errors, "the predicate for relief for cumulative error must be that the probable effect of the cumulative error was to render the underlying trial unfair." State v. Wakefield, 190 N.J. 397, 538 (2007). Even where a defendant alleges multiple errors, "the theory of cumulative error will still not apply where no error was prejudicial and the trial was fair." State v. Weaver, 219 N.J. 131, 155 (2014).

4

Because we agree with the PCR judge's determination that defendant failed to demonstrate any errors by his trial counsel, we discern no cumulative effect denying defendant's right to a fair trial.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1011-23